IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEITH SUGGS,
   *Plaintiff,*

v.                                     Civil Action No.: ELH-10-2966

STARBUCKS CORPORATION
   *Defendant.*

**MEMORANDUM**

By Order of September 29, 2011 (ECF 36), I denied as moot "Defendant Starbucks Corporation's Motion To Compel Discovery Responses And To Issue Sanctions" ("Motion to Compel," ECF 30) because, by that time, Plaintiff had responded to Defendant's discovery requests. To the extent the Motion To Compel sought sanctions, however, I deferred ruling until such time as Defendant's counsel submitted an itemized statement of costs with respect to reasonable attorneys' fees incurred with regard to defense counsel's effort to obtain the requested discovery. In addition, I permitted Plaintiff to file a response within ten days, indicating any challenge to the contents of the submission.

Pursuant to ECF 36, the defense submitted "Supplemental Declaration of Debra A. Drake In Support Of Defendant's Motion For Sanction Of Attorney's Fees" (ECF 37), along with Exhibit 1 (ECF 37-1), a chart summarizing the expenditure of time by Defendant's attorneys in regard to the parties' discovery dispute. Thereafter, Plaintiff filed his "Opposition To Defendant's Supplemental Declaration Of Debra A. Drake In Support Of Its Motion For Sanction Of Attorney Fees And Motion for Reconsideration." (ECF 38).

The Motion for Reconsideration and the Petition for Attorneys' Fees are ripe for decision. No hearing is necessary to resolve these matters. *See* Local Rule 105.6.

I shall deny Plaintiff's Motion for Reconsideration (ECF 38). In my view, there is no merit to Plaintiff's claim that Plaintiff's conduct "did not necessitate the filing" of the Motion to Compel. *See* ECF 38, ¶3.

With respect to Defendant's request for legal fees, the Court has reviewed, for guidance, Appendix B of the Local Rules, Titled "Rules and Guidelines for Determining Attorneys' Fees In Certain Cases." Ms. Drake, one of the defense attorneys in this case, became a member of the bar in 2002. Her co-counsel, Anthony T. Pierce, Esquire, is a litigation partner in the same firm, Akin, Gump, Strauss, Hauer & Feld, LLP. He has been licensed to practice law since 1987. The Guidelines set an hourly fee rate of $275 to $400 for lawyers admitted to the bar for fifteen years or more, and a rate of $225 to $300 for those admitted between nine and fourteen years. Defendants have applied those fees rates to the time they expended, seeking a total of $6,260 in attorneys' fees. In particular, Defendant claims 3.8 hours of work for Mr. Pierce, at $400 per hour, for a total of $1,520. With respect to Ms. Drake, defendant claims 15.8 hours of work, at the hourly rate of $300, for a total of $4,740.00. Ms. Drake asserts in her Declaration: "These rates are lower than the hourly rates paid by Starbucks on this matter." ECF 37 at 3.

I have carefully reviewed ECF 37-1, the Exhibit submitted by Defendant summarizing the time expended by defense counsel, along with a description of the work, in regard to their submissions. It reflects that Defendant does not seek to recover for any time devoted to Plaintiff's failure to respond to discovery prior to September 13, 2011. Nevertheless, from that date (September 13, 2011) through September 21, 2011, Defendant claims a total of 19.6 hours of work in connection with the research, drafting, and conferencing in regard to the Motion to

Compel and the "Reply Memorandum In Support Of Defendant Starbucks Corporation's Motion To Compel Discovery Responses" (Reply, ECF 32).

Without any comment as to the quality of defense counsel's work, the Court does not regard as reasonable the expenditure of almost 20 hours of time to consult, confer, and draft the routine Motion to Compel and the Reply. Notably, the Motion to Compel (ECF 30) contains a memorandum of law, 4 ½ pages in length, much of which is a factual recitation of what transpired. The Reply is approximately 2 ½ pages in length. Although the Court recognizes that lawyers from the same firm frequently consult on matters in which they are jointly involved, it appears to me that some of the consultations itemized in the fee petition have resulted in duplication of effort.

I am satisfied that it would be unreasonable to impose on Plaintiff the total cost for the time expended by defense counsel for this routine matter. In my view, the expenditure of five hours of time on the part of Ms. Drake is compensable, at the hourly rate of $300 per hour. A separate Order follows, implementing this ruling.

                                                      /s/
                                      Ellen Lipton Hollander
                                      United States District Judge